UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHEDRIC D. ANDERSON, | ) |
| Movant, | ) |
| v. | ) No. 1:23-cv-173 SNLJ |
| USA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Shedric Anderson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  ECF No. 1.  On October 23, 2023, the Court ordered Anderson to show cause as to why the motion should not be summarily dismissed as time-barred.  ECF No. 3.  Anderson has not filed a response to that Order and the time for doing so has expired.  The Court warned Anderson that if he failed to comply with the Court's Order, his § 2255 motion would be dismissed.  For the reasons discussed below, the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be denied and dismissed as time-barred.

### Background[1]

On December 11, 2018, Anderson pled guilty to one count of escape from custody.  *USA v. Anderson*, No. 1:18-cr-117-SNLJ-1, ECF No. 25 (E.D. Mo. filed Aug. 31, 2018).  On March 17, 2021, the Court sentenced Anderson to imprisonment for a term of sixty (60) months, followed by three (3) years of supervised release.  *Id.* at 79.  Anderson did not appeal.

---

[1] The Court notes that Shedric Anderson filed two identical motions seeking relief under 28 U.S.C. § 2255 on the same date.  *See Anderson v. USA*, No. 1:23-cv-174-SNLJ (E.D. Mo. filed Oct. 4, 2022).  However, two separate cases were opened because the motions pertain to different criminal matters.  This § 2255 case seeks relief concerning Anderson's sentence from his conviction for escape from custody, but his other § 2255 motion seeks relief on his conviction for two counts of aggravated sexual abuse.  *See USA v. Anderson*, No. 1:19-cr-62-SNLJ-1 (E.D. Mo. filed Apr. 9, 2019).

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.* In this case, Anderson failed to respond to the Court's Show Cause Order regarding the lack of timeliness of his motion.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the

– 2 –

– 3 –

judgment entered on March 17, 2021, became final fourteen days later on March 31, 2021.  Fed. R. App. P. 4(b)(1).  As a result, the one-year period of limitations under § 2255 expired on March 31, 2022.  The instant motion was signed by Anderson on September 27, 2023.  *See* ECF No. 1 at 12.  Therefore, the motion is barred by the statute of limitations and will be denied and dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED AND DISMISSED** as time-barred.  *See* 28 U.S.C. § 2255(f).

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of November, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE